**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**ROBERT MARCUS,**                       :
                                         :
    **Plaintiff,**               : **CIVIL ACTION FILE NO.:**
                                         :
**v.**                                   : _____
                                         :
**LIFE INSURANCE COMPANY**               :
**OF NORTH AMERICA,**                    :
                                         :
    **Defendant.**              :
                                         :
_____ :

## COMPLAINT

COMES NOW, ROBERT MARCUS, the Plaintiff in the above-captioned action, and files this Complaint against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), showing the Court as follows:

## PARTIES AND JURISDICTION

1.

The Plaintiff brings this civil action under 29 U.S.C. §1132(a), seeking recovery of disability income benefits and other remedies relating to a long-term disability benefit plan ("LTD Plan") that was established by the Plaintiff's former

1

employer, Piedmont Healthcare, Inc. ("Piedmont"), for the benefit of its employees.

2.

The LTD Plan qualifies as an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1), and the Plaintiff's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*

3.

Benefits under the LTD Plan are funded by a policy of insurance issued and underwritten by LINA and identified by policy number LK-980123 (the "LTD Policy").

4.

The Plaintiff was employed by Piedmont and was enrolled in coverage under the LTD Policy at the time his claims accrued. The Plaintiff's eligibility for coverage under the LTD Policy arose from his employment status with Piedmont.

5.

This Court has original subject matter jurisdiction over the Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

6.

Benefits under the LTD Policy are paid from LINA's assets.

7.

LINA drafted the written terms and conditions of the LTD Policy.

8.

LINA is a wholly owned subsidiary of New York Life Insurance Company ("NYL").

9.

NYL acts as a claim administrator and makes the decisions regarding claimants' eligibility for benefits under the LTD Policy.

10.

The Plaintiff resides in this federal district.

11.

This Court has personal jurisdiction over LINA and venue is proper in this Court, pursuant to 29 U.S.C. § 1132(e)(2).

12.

LINA may be served with process through its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia, 30046.

## FACTS COMMON TO ALL CLAIMS

13.

The LTD Policy provides for payment of long-term disability benefits to a plan participant who becomes "Disabled" which is defined under the LTD Policy as follows:

**Disability/Disabled**
You are considered Disabled if, solely because of Injury or Sickness, you are:
1. unable to perform the material duties of your Regular Occupation; and
2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

14.

The LTD Policy provides that before benefits become payable under the LTD Policy, the covered employee must satisfy an elimination period which is the later of:

1. The date benefits under any short term disability plan sponsored by the Employer terminate; or
2. 180 days of "Disability."

15.

The Plaintiff is a medical doctor licensed to practice in the state of Georgia.

16.

The Plaintiff is actively employed by Piedmont as a physician.

17.

The primary material duty of the Plaintiff's regular occupation as a physician for Piedmont was examining, evaluating and treating patients.

18.

Prior to December 7, 2023, the Plaintiff performed the material duties of his occupation on a full-time basis working 40 hours per week.  Working 40 hours per week was a material duty of his occupation.

19.

The Plaintiff suffers from Parkinson's Disease.

20.

Since on or prior to December 7, 2023, the Plaintiff has been unable to perform the material duties of his regular occupation as a physician.

21.

Since on and before December 7, 2023, the Plaintiff has been under regular and continuous care of one or more physicians for treatment of his medical illness/sickness.

22.

In an October 13, 2023 medical report, the Plaintiff's neurologist wrote that: "Within the limitations of his symptoms I do agree with reducing his [the

Plaintiff's] work hours to 50% and a workload of 8 patients a day[.] I think this is quite reasonable given his limitations noted in the history and exam today."

23.

Beginning on or before December 7, 2023, the Plaintiff became unable to work and perform the material duties of his physician occupation on a regular full-time basis due to impairments and symptoms caused by his Parkinson's Disease.

24.

Starting on or before December 7, 2023, the Plaintiff was required to reduce his hours and patient load by 50% due to impairments and physical limitations caused by his Parkinson's Disease.

25.

Since December 7, 2023, the Plaintiff has been unable to earn 80% or more of his indexed regular earnings because of the impairments and physical limitations caused by his Parkinson's Disease.

26.

Since December 7, 2023, the Plaintiff has continuously met the LTD Policy's definition of "Disability/Disabled."

27.

The LTD Policy requires that claimants provide LINA with written notice of claim within 31 days after a covered loss occurs or begins.

28.

On December 18, 2023, the Plaintiff provided LINA with the written notice that he was making a claim for benefits under the LTD Policy, via letter from Plaintiff's attorney representative, and in that letter, Plaintiff requested that LINA provide him with any claim forms required by LINA to document his claim.

29.

On January 5, 2024, NYL sent a letter to Plainitiff's attorney on behalf LINA in which it acknowledged receipt of the Plainitiff's notice of claim and assigned an incident number for that claim. In that letter, however, NYL wrote that because the Plaintiff's 180-day benefit elimination period under the LTD Policy would not be satisfied until June 2024, it was "too early to gather medical information for the LTD claim" and NYL was "unable to proceed with an investigation" of the claim, and requested that the Plaintiff contact NYL two months prior to the end of the benefit elimination period and also wrote, "We [NYL] have also made a note to follow up with your [Plainitiff's attorney's] office a few months prior to the LTD benefit start date."

7

30.

NYL did not contact the Plaintiff or his attorney again after that January 5, 2024 letter.

31.

However, on May 16, 2024, which was within a month prior to the date benefit elimination period would end and benefits would begin to accrue under the LTD Policy, the Plaintiff's attorney wrote to NYL reminding NYL that the Plaintiff was making a claim for benefits under the LTD Policy based on an initial "Disability" date of December 7, 2023, and that his 180-day benefit elimination period was approaching. With that letter, the Plaintiff's attorney enclosed evidence supporting the Plaintiff's claim, including medical records, a NYL Physician's Statement of Disability form completed by the Plaintiff's neurologist, and records from the Plaintiff's employer regarding his reduction in work hours due to his illness. In that letter, the Plaintiff's attorney wrote:

> "Please let me know who has been assigned to this claim and forward any proof of loss and/or claim forms necessary to perfect this claim and notify me of any other information LINA/New York Life Group Benefits Solutions requires to begin processing this claim."

32.

On May 29, 2024, the Plaintiff's attorney wrote to NYL enclosing his completed portion of a NYL claim form. In that letter, the Plaintiff's attorney

asked that NYL provide the name and contact information for the claim representative "and ask that the claim representative contact us as soon as possible" and notify him of any other information needed to begin processing the claim.

33.

NYL did not respond to the Plaintiff's attorney's May 16, 2024 letter or May 29, 2024 letter.

34.

On July 3, 2024, the Plaintiff's attorney wrote to NYL again reiterating that the Plaintiff was making a claim based on his December 7, 2023 date of disability, advising NYL that the Plaintiff had satisfied the benefit elimination period, enclosing a form completed by the Plaintiff's employer, Piedmont, and enclosing additional evidence supporting the Plaintiff's claim, including additional medical records and the report of a functional capacity evaluation. The Plaintiff's attorney further wrote "We look forward to prompt approval of this well-supported claim."

35.

NYL did not respond to the Plaintiff's attorney's July 3, 2024 letter.

36.

ERISA requires that:

In accordance with regulations of the Secretary, every employee benefit plan shall-
(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant … *29 U.S. Code § 1133*

37.

The Department of Labor's ERISA procedural regulations further specify that "the plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination" that must include certain specified information including the "specific reason or reasons for the adverse determination," and a "description of any material or information necessary for the claimant to perfect the claim and an explanation for why such material or information is necessary." *29 C.F.R. § 2560.503-1(g)*

38.

The ERISA regulations require that this notice of adverse benefit determination be provided to the claimant within a reasonable amount of time, but no later than 45 days after receipt of the claim by the plan. *29 C.F.R. § 2560.503-1(f)(3)* Those regulations provide that the administrator may be allowed up to two 30-day extensions of the 45-day deadline, provided the administrator both

determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision, and satisfies certain other specified requirements.

39.

The ERISA regulations provide that the 45-day deadline for providing the notice of adverse benefit determination begins "at the time a claim is filed in accordance with the reasonable procedures of the plan, without regard to whether all the information necessary to make a benefit determination accompanies the filing." *29 C.F.R. § 2560.503-1(f)(4)*

40.

NYL has never notified the Plaintiff or his attorney representative of a decision on the Plaintiff's claim under the LTD Policy.

41.

The 45-day deadline for NYL to decide the Plaintiff's LTD claim in accordance with the ERISA regulations has expired.

42.

NYL has never notified the Plaintiff of any special circumstances that require additional time to decide his LTD claim.

43.

On August 22, 2023, the Plaintiff's attorney contacted the NYL representative who had signed its January 5, 2024 letter and that representative advised Plaintiff's attorney that NYL had not begun its review of the Plaintiff's evidence.

44.

LINA and NYL failed to establish and follow reasonable claims procedures.

45.

LINA and NYL failed to provide the Plaintiff with a full and fair review of the evidence supporting his claim under the LTD Policy.

46.

As a result of LINA and NYL's failure to provide timely written notice of a final decision on the Plaintiff's claim, and violations of the ERISA regulations cited above, the Plaintiff is deemed to have exhausted his administrative remedies under the LTD Plan and LTD Policy. 29 C.F.R. § 2560.503-1(l)(1).

47.

LINA and NYL's failure to comply with ERISA's written notification deadlines and requirements was part of a pattern.

48.

As a result of LINA and NYL's failure to provide the Plaintiff with written notice of a final decision on the Plaintiff's claim and violation of the ERISA claim regulations, the Plaintiff's claim is "deemed denied on review without the exercise of discretion by an appropriate fiduciary" in accordance with the ERISA regulations, 29 C.F.R. § 2560.503-1(l)(2).

49.

The Court's standard of review in this action is *de novo* with no deference to LINA's or NYL's prior decisions.

## COUNT ONE

## CLAIM AGAINST LINA FOR BENEFITS UNDER LTD PLAN / LTD POLICY

50.

The Plaintiff hereby repeats and realleges the allegations contained in each of the preceding paragraphs of this Complaint as if set forth verbatim herein.

51.

The evidence that the Plaintiff submitted to LINA and NYL in connection with his claim demonstrates that he has met the LTD Policy's definition of "Disability/Disabled" on a continuous basis since on or before the date he stopped

working and has satisfied all conditions set forth in the LTD Plan and LTD Policy for receiving benefits.

52.

There is no reasonable basis upon which to deny the Plaintiff's claims under the LTD Policy.

53.

The Plaintiff's claims under the LTD Policy are deemed denied without exercise of discretionary authority by any plan fiduciary.

54.

Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), the Plaintiff is entitled to recover benefits under the LTD Plan/Policy for the period beginning at the end of the LTD Policy's contractual elimination period through the date of judgment and will be entitled to continue receiving such benefits into the future.

55.

The Plaintiff is entitled to recover interest accruing on the aforesaid benefits.

## COUNT TWO

## AWARD OF ATTORNEYS' FEES AGAINST LINA

56.

The Plaintiff hereby repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if set forth verbatim herein.

57.

The Plaintiff has retained counsel to represent him in this matter and is entitled to an award of costs, including reasonable attorneys' fees against LINA, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, the Plaintiff, prays for relief in the following forms:

(a)     Against LIFE INSURANCE COMPANY OF NORTH AMERICA, an award of long-term disability benefits under the LTD Policy, plus pre-judgment interest accruing on all principal sums to which he is entitled;

(b)     Against LIFE INSURANCE COMPANY OF NORTH AMERICA, an award of attorneys' fees, litigation expenses and costs; and

15

(c)   That the Plaintiff be awarded such additional and further legal

and equitable relief as the Court deems just and proper.

Respectfully submitted this 27th day of August, 2024.

EVANS WARNCKE ROBINSON, LLC

By:   /s/ Douglas M. Robinson
        Douglas M. Robinson
        Georgia Bar No. 610100
        Attorney for Plaintiff

6075 Barfield Road
Suite 1200
Atlanta, Georgia 30328
(404) 841-9400
(478) 202-7453 (fax)
d.robinson@ewrlawfirm.com

16